In the Matter of JOSEPH CARL THOMSON, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 13, 1965.

*John G. Bonomi (Richard A. Nachman* with him on the brief), attorney for petitioner.

*Per Curiam.* Respondent was admitted to the practice of law in the Second Department on April 4, 1923. In this proceeding he is charged (1) with having made statements to members of a discharged jury, which statements tended to undermine confidence in the administration of justice; (2) with having "neglected" an action he had been retained to prosecute; and (3) with having failed to respond to communications by the Committee on Grievances of the Association of the Bar with reference to charge Number 2, and with having failed to appear at a hearing before that committee in connection with a hearing on such charge. The Referee found respondent guilty of all the charges.

The evidence adduced at the hearing before the Referee in support of the charges was uncontroverted — respondent having

taken no part in that proceeding. Inasmuch as the statements alleged to have been made by respondent were of such nature as to reflect adversely upon the integrity of the administration of criminal justice, the charge based thereon must be sustained.

Similarly, the uncontroverted nature of the proof regarding the other charges requires that they too be sustained.

All things being taken into consideration we deem a suspension of six months to be an appropriate penalty.

As aforesaid, respondent did not reply to the inquiries of the Committee on Grievances and he has not served an answer to the petition in this proceeding or participated in the hearings held before the Referee. Nor has he submitted any papers in opposition to this motion to confirm the Referee's report. While it may be that respondent is not obliged at this point to advise us as to his reasons for such omissions, we conclude that such reasons would be pertinent and that the giving of such reasons would be conditional to favorable action upon any applications subsequently made for reinstatement.

Accordingly, the report of the Referee should be confirmed and respondent should be suspended for six months.

RABIN, J. P., VALENTE, MCNALLY, EAGER and STEUER, JJ., concur.

Respondent suspended for a period of six months effective August 13, 1965.